Fred Clark Jr.
(Name)
10 River Edge Road
(Address)
Bergenfield, New Jersey, 07621
(City, State, Zip)

(CDC Inmate No.)

FILED

12 MAY 15 PM 3: 41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                          DEPUTY

# United States District Court
## Southern District of California

Fred Clark Jr.                                     ,
(Enter full name of plaintiff in this action.)

                                        Plaintiff,

   v.

The City of San Diego                             ,
Officer Mark Ringgenberg (#6605)
Officer Carlos Real (#5495)
Officer L. Johnson (#5954)                        ,
_____ ,
(Enter full name of each defendant in this action.)

                                 Defendant(s).

```
)
)  1 2CV 1 1 8 6 JLSBLM
)
)  Civil Case No. _____
)  (To be supplied by Court Clerk)
)
)
)  Complaint Under the
)  Civil Rights Act
)  42 U.S.C. § 1983
)
)
)
)
```

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.  If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. <u>Plaintiff</u>:  This complaint alleges that the civil rights of Plaintiff, Fred Clark Jr.
                                                                    (print Plaintiff's name)
                        , who presently resides at    10 River Edge Road,
                                                      (mailing address or place of confinement)
   Bergenfield, New Jersey, 07621            , were violated by the actions

of the below named individuals.  The actions were directed against Plaintiff at    600 5th Avenue

San Diego, California, 92101            on (dates)  05/22/10   ,   05/22/10   , and  05/23/10   .
   (institution/place where violation occurred)         (Count 1)      (Count 2)         (Count 3)
2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)

::ODMA\PCDOCS\WORDPERFECT\22834\1

Defendant The City of San Diego          ■resides in          ,
                (name)                                          (County of residence)
and is employed as a                                      . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:


Defendant Officer Mark Ringgenberg (#6605)     resides in San Diego          ,
                (name)                                          (County of residence)
and is employed as a Police Officer                      . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:
The defendant was patrolling the Gaslamp District of downtown San Diego in uniform when he arrested the
plaintiff.


Defendant Officer Carlos Real (#5495)          resides in San Diego          ,
                (name)                                          (County of residence)
and is employed as a Police Officer                      . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:
The defendant was patrolling the Gaslamp District of downtown San Diego in uniform when he arrested the
plaintiff.


Defendant Officer L. Johnson (#5954)          resides in San Diego          ,
                (name)                                          (County of residence)
and is employed as a Police Officer                      . This defendant is sued in
                              (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law:
The defendant was the detective assigned to the plaintiff's case.

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: false arrest

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On the night of May 22, 2010 at 2:00am, the plaintiff was on the northwest corner of 5th Avenue and Market Street in downtown San Diego with friends and family. The plaintiff was visiting San Diego from New Jersey to attend his sister's wedding scheduled for 2:00pm, May 22, 2010. The plaintiff's group of friends and family were saying their good-byes and preparing to depart to their respective accommodations for the night. The plaintiff walked to the corner to cross the street with his brother, David Chege, and his wife, Fedra Clark, by his side. An unidentified male staggered into the plaintiff. The plaintiff instructed the unidentified male to watch where he was going.

The unidentified male responded with hostility and derogatory racial remarks. The plaintiff instructed the male to get away from them immediately. David Chege stepped in between the plaintiff and the unidentified male to mediate the altercation, and to get them to walk away from each other. At this time, several other unidentified males (4 or 5) wearing dark clothing attempted to coerce the plaintiff into a physical altercation. The plaintiff felt extremely threatened and engaged in a verbal altercation.

Fedra Clark stood by the plaintiff's side and grabbed his arm to pull him away from the verbal altercation. The plaintiff stepped backwards to leave the argument. At this moment the plaintiff was violently grabbed from behind by Officer Ringgenberg. Officer Ringgenberg did not identify himself to the plaintiff, nor to anyone else involved in the altercation, or within the plaintiffs group of friends and family. Since his approach was from the rear, the plaintiff did not see Officer Ringgenberg, nor did anyone else involved in the altercation, or within the plaintiffs group of friends and family.

Officer Ringgenberg locked the plaintiffs' arms behind his back, looping his arms through the plaintiffs' at the elbows. This hold is commonly referred to as double arm bars. The plaintiff feared that he was about to be battered by the unidentified males because they had just threatened to batter him. The plaintiff created space between Officer Ringgenberg and himself by leaning back and pushing his hips forward. Then the plaintiff spun his right arm through the void that was created between Officer Ringgenberg's chest and the plaintiffs back. Once free from Officer Ringgenberg's hold, the plaintiff immediately began to run in order to exit the situation without engaging further in a physical altercation. The plaintiff was running across the street when he looked over his shoulder to see two police officers chasing him.

At this point the plaintiff realized what had happened, and stopped on the adjacent street corner (southwest corner of 5th and Market), in order to communicate with the police officers. The plaintiff was subsequently arrested by Officer Ringgenberg and Officer Real. Officer Ringgenberg and Officer Real did not present a warrant, or read the plaintiff his Miranda rights, but the plaintiff was seized, handcuffed and eventually booked at San Diego County Jail.

The plaintiff endured emotional damage as he spent over twelve hours in jail and missed part of his sister's wedding.

<u>Count 2</u>:  The following civil right has been violated: <u>excessive force</u>

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

When the plaintiff had reached the southwest corner of 5th Avenue and Market Street, he waited for the officers to approach him. Officer Ringgenberg arrived first. The plaintiff attempted to communicate the misunderstanding while Officer Ringgenberg grabbed his arm. The plaintiff was ready and willing to comply with any commands issued, but the plaintiff was not given the opportunity to show compliance. Neither officer issued any commands. Officer Real arrived and tackled the plaintiff by grasping the plaintiff's torso with his arms, and falling backwards to the sidewalk.

Officer Ringgenberg immediately wrapped his arms around the plaintiff's neck, and began to squeeze violently. The plaintiff could not breathe, and felt a blunt force on his trachea. Officer Real got up from the pavement. Officer Ringgenberg slammed the plaintiffs head into the concrete and began to rub his face on the sidewalk. The plaintiff was face down on his stomach. Officer Real placed himself over the plaintiff's legs and attempted to get the plaintiff's hands out from underneath him, but due to the force of Officer Ringgenberg positioned on the plaintiffs back, Officer Real was unable to get the plaintiffs hands. The plaintiff was still unable to breathe, and could not move. Officer Ringgenberg choked the plaintiff violently.

The plaintiff's friends and family arrived and attempted to elucidate the nature of the altercation to the arresting officers. One of the officers threatened to mace Mrs. Clark, placing the can of mace inches from her eyes. Communication with the arresting officers was futile, but as more officers arrived on the scene, the plaintiff's friends and family attempted to communicate the misunderstanding to the arriving officers. No officers would take a statement, or investigate the incident at all.

The plaintiff's head was eventually raised off of the pavement, and the leverage used in the tracheal choke increased substantially. The plaintiff still could not breathe, and thought that he would either suffocate, or his trachea would be crushed rendering him lifeless. All the while, Officer Ringgenberg menacingly spoke into the plaintiff's ear, "stop resisting." The plaintiff did not, and indeed, could not, move at all. Furthermore, the plaintiff did not have any desire to resist; he just wanted the pain to stop.

Eventually Officer Real tightly affixed handcuffs on the plaintiff. Officer Real picked the plaintiff up and began pushing him towards his patrol vehicle. The plaintiff was disoriented. The plaintiff was trying to communicate with his friends and family during his walk to the patrol vehicle to ensure that he would be bailed out of jail in time for the wedding. The plaintiff also inquired if anyone had video recorded the incident on their cell phone during his walk to the patrol vehicle. The total amount of time the plaintiff was violently choked and unable to breathe was no less than 90 seconds. It is the San Diego Police Department's practice to use excessive force to handle citizens who are being placed under arrest.

Superficial damage to the plaintiffs face was clearly visible at his sister's wedding. The plaintiff was humiliated, as he attempted to wear make-up to the wedding reception to hide the injuries that Officer Ringgenberg had inflicted on him while grinding his face into the pavement. Penetrating damage to the plaintiff's throat lasted for a month, and resulted in the plaintiff losing significant weight because swallowing became difficult and painful. Stress from the trauma has degraded the plaintiff's quality of life. The plaintiff was examined by medical doctor Roberta McNeill on May 25, 2010. Dr. McNeill observed hyphema on the plaintiffs left eye. Approximately a month after the incident the plaintiff reported chest tightness, palpitations, and severe stomach pain to his doctor. In perpetuity, the plaintiff will be damaged by the violence exhibited by the agents of the City of San Diego who arrested him on May 22, 2010. The plaintiff feared for his life, because his life was nearly taken.

<u>Count 3</u>:  The following civil right has been violated: malicious prosecution

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

   Supporting Facts:   [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

   On May 23, 2010, Officer Ringgenberg and Officer Real filed an incident report (#10050046893) which was used by The Office of the City Attorney of San Diego to decide whether or not to issue a case against the plaintiff. In this report Officer Ringgenberg and Officer Real made numerous erroneous statements which eventually led the City Attorney to issue a complaint, which was filed in the San Diego Superior Court, Central Division on or around September 15, 2010. The complaint charged the plaintiff with two counts of PC 243(B) - Battery Upon An Officer, and two counts of PC 148(A)(1) - Resisting An Officer.
   On May 25, 2010, before the incident report was presented to the office of the City Attorney, it was under review by detective Officer Johnson. The plaintiff called the police department on May 25, 2010, asked to speak with the detective assigned to his case, and was connected with Officer Johnson. The plaintiff informed Officer Johnson that he did not commit any crimes and that he did not know why he was arrested. Officer Johnson summarized the account given to him by Officer Real and Officer Ringgenberg, and told the plaintiff that he was in trouble for running away from the police. The plaintiff explained that it was a misunderstanding, that he did not know who was grabbing him while he was being arrested, and that he did not expect to be arrested because he did not commit a crime. The plaintiff informed Officer Johnson that he had returned to the scene of the arrest on May 23rd to look for surveillance cameras. The plaintiff informed Officer Johnson that he believed that there was a surveillance video at the Whiskey Girl bar that would prove his innocence. The plaintiff implored Officer Johnson to watch the video to discover the facts before presenting his synopsis to the City Attorney. Officer Johnson did not make a reasonable effort to investigate the facts alleged in the incident report because it's the City of San Diego's policy to not investigate reports, or verify the reports veracity before prosecuting, when police officers statements are challenged by a citizen.
   The owner of the Whiskey Girl would not surrender a copy of the video to the plaintiff. Due to the plaintiff's reconnaissance and effort to have the owner of the Whiskey Girl preserve the surveillance video the plaintiff was able to have Department of the Public Defender subpoena the video in March 2011. In January 2012, the plaintiff's case, M116006, was heard in San Diego in the Superior Court of California. The video was paramount in proving the plaintiffs innocence, and without it, the jury would have had a much different impression as to what had actually occurred. Two counts of PC 243(B) and one count of PC 148(A)(1) were disposed as Not Guilty. One count of PC 148(A)(1) resulted in a mistrial, but was dismissed by the Honorable Judge Gallagher pursuant to PC 1385.
   The following is a non-exhaustive list of erroneous statements made by Officer Real in the incident report: (1) One of the males, who was later identified as Fred Clark, pushed another unidentified male. (2) Clark took an aggressive fighting stance toward Officer Ringgenberg. (3) When Officer Ringgenberg attempted to grab Clark again he pushed him... (4) Clark again pushed Officer Ringgenberg... (5) Clark again took an aggressive fighting stance (6) Clark continued to try to throw Officer Ringgenberg and myself off of him. (7) Clark continued to fight, refused to give up his arms, and was throwing Officer Ringgenberg and myself from side to side. (8) At that time, Clark continued his belligerent behavior by stiffening his whole body, which was preventing me from walking him to my police vehicle. (9) Clark used his hands on two occasions to push Officer Ringgenberg across his upper chest. Of these erroneous statements, items 2 and 3 are clearly contradicted by the surveillance video.
   The following is a non-exhaustive list of erroneous statements made by Officer Ringgenberg in the incident report: (1) I saw one of the males, who was later identified as Fred Clark, push an unidentified male. (2) Clark looked at me, and started to walk away. (3) I told Clark to put his hands behind his back... (4) Clark pushed me, and ran several steps from me. (5) I approached Clark and he took an aggressive fighting stance. (6) As I grabbed Clark he again pushed me and took an aggressive fighting stance. (7) Clark kept throwing me off of his back as I was trying to apply the carotid restraint. Of these erroneous statements, items 2, 4, and 5 are contradicted by the surveillance video.
   As a result of the police department's improper approach, and the subsequent malicious fabrication of fact found within the arresting officer's police report, the plaintiff was damaged throughout the process of prosecution. The defendant endured a lengthy process. The stress of the false charges damaged the plaintiff, leading up to, and during the trial. The burden of the incident will affect the plaintiff's life forever, as the arrest may never be removed from his record and may have to be disclosed to potential employers. The plaintiff's image has been tarnished indefinitely due to malicious prosecution by the City of San Diego.
   Due to malicious prosecution by the City of San Diego, the plaintiff had to purchase travel and hotel accommodations for himself and his witnesses, who include, Fedra Clark, Leonidas Clark (the plaintiff's infant child), and David Chege. These individuals were required to travel from New Jersey to San Diego because the defendants maliciously and erroneously reported the facts of the incident. No policies are in place to prevent false prosecution.

## D. Previous Lawsuits and Administrative Relief

   1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below.  [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:

Plaintiffs: _____

Defendants: _____

(b)  Name of the court and docket number: _____

_____.

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

_____.

(d)  Issues raised:

_____

_____

_____

_____.

(e)  Approximate date case was filed: _____.

(f)  Approximate date of disposition: _____.

2.  Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ?  ☒ Yes  ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought.

The plaintiff filed a "Claim Against The City Of San Diego (For Damages To Persons Or Personal Property)" to seek damages of $2,450. Because subsequent investigation and legal opinion determined that the claim could not be honored, and because no formal denial had been caused to be issued by the City of San Diego within the 45-day time period as prescribed in California Government Code Section 912.4, the claim was deemed denied by operation of law.

The plaintiff filed a "Complaint Form" to the Citizens' Review Board on Police Practices to report the misconduct of Officer Ringgenberg and Officer Real, to request immediate termination of those officers without benefits. The board has not acted on this claim.

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

    1. An injunction preventing defendant(s): The City of San Diego

from prosecuting citizens without reasonably investigating the facts, and will also require that the City Attorney must file a case against police officers who perjure.

    2. Damages in the sum of $ 151,515.15    .

    3. Punitive damages in the sum of $ 48,484.85    .

    4. Other: The punitive discharge of Officer Real, and Officer Ringgenberg from the

San Diego Police Department.

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.     **OR**     ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

5/14/12
Date

_Signature of Plaintiff_

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
1) Clark Jr., Fred

## DEFENDANTS
1) The City of San Diego
2) Officer Ringgenberg (#6605)
3) Officer Real (#54955)
4) Officer Johnson (#5454)

FILED

12 MAY 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CA

DEPUTY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pro Se

Attorneys (If Known)

'12CV1186 JLSBLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332
Brief description of cause:
False arrest, excessive force, malicious prosecution.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 200,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 5/14/12

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 380048   AMOUNT $350-   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

28 5/15/12

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS038648
Cashier ID: lpulliam
Transaction Date: 05/15/2012
Payer Name: FRED CLARK
-----------------------------------
CIVIL FILING FEE
 For: FRED CLARK v. CITY OF SAN DIEG
 Case/Party: D-CAS-3-12-CV-001186-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 105
 Amt Tendered:  $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```